IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Jose Castillo-Rodriguez,<br><br>            Petitioner,<br><br>v.<br><br>United States of America,<br><br>            Respondent. | No.  CV-14-2808-PHX-NVW (DKD)<br><br>**AMENDED**<br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

Juan Jose Castillo-Rodriguez filed an amended motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  He argues that he is entitled to relief because he had been promised that he would not be deported to Mexico in exchange for his cooperation with the United States government and so he should not be subject to removal proceedings.  Respondent argues that his motion is untimely.  As explained below, the Court recommends that this motion be denied.

**BACKGROUND**

In December 2009, Castillo-Rodriguez was removed from the United States. (Doc. 9-1, Ex. A at 7-8)  In January 2011, Castillo-Rodriguez was voluntarily present and found in the United States without the express consent of the United States government. (*Id*.)  On December 26, 2012, Castillo-Rodriguez signed an acknowledgment that he had received a "Notice of Intent/Decision to Reinstate Prior Order" from the Department of Homeland Security.  (Doc. 9-1, Ex. F)  This form indicated that he was subject to an

order of deportation from 1989, that he was "subject to removal by reinstatement of the prior order." (*Id.*) The form listed several aliases, including Mario Lopez Hernandez and Juan Castillo-Rodriguez. (*Id.*) The signature appears to say "Mario Lopez H" and there is a check in the box indicating that he did "not wish to make a statement contesting this determination." (*Id.*)

In March 2013, Castillo-Rodriguez entered a plea of guilty to one count of reentry of a removed alien. (Doc. 9-2) Mario Lopez Hernandez is listed as an alias on his plea agreement. (Doc. 9-1, Ex. A at 1) On June 11, 2013, Castillo-Rodriguez was sentenced to 36 months of imprisonment to be followed by three years of supervised release. (Doc. 9-3 at 6-7) His judgment was issued the following day. 2:13-CR-00254-NVW-1 at Doc. 26. He did not appeal. (Doc. 4 at 2) On October 21, 2014, the United States Department of Homeland Security placed an immigration detainer on Castillo-Rodriguez. (Doc. 9-1, Ex. E)

On December 29, 2014, Castillo-Rodriguez filed his Section 2255 motion in this Court and on February 2, 2015, he filed an amended motion. (Docs. 1, 4) He argues that the October 2014 detainer was lodged in violation of a verbal agreement he had with U.S. Immigration and Customs Enforcement. (Doc. 9-1, Ex. E) Respondent argues that Castillo-Rodriguez had notice of his possible deportation before he was sentenced and, therefore, this motion is untimely.

## ANALYSIS

Under 28 U.S.C. § 2255(f), Castillo-Rodriguez had to file his motion one year from the latest of four specified dates. Two of the possible deadlines are inapplicable to the facts of this case and Castillo-Rodriguez appears to acknowledge that his motion would be untimely under Section 2255(f)(1) which started the one year clock on "the date on which the judgment of conviction becomes final." Instead, he argues that his motion is timely because he falls under Section 2255(f)(4) which requires that the motion be filed within one year from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. (Doc. 4 at 13)

Specifically, he argues that he only learned of the United States' intent to deport him in October 2014, and so this is "the date on which the facts supporting the claim . . . presented could have been discovered through the exercise of due diligence."

Respondent argues that Castillo-Rodriguez knew of his possible deportation before October 2014 and so he is not entitled to claim that his motion is timely under Section 2255(f)(4). In support of this argument, Respondent points to an October 2011 Immigration Detainer that was issued in the name of "Pedro Zorsa-Lopez aka Raul Lopez-Ortiz . . . (continued on I-831)." (Doc. 9-1, Ex. D) The I-831 continuation was not included in the record before the Court. Although Pedro Zorsa-Lopez appears as an alias on Castillo-Rodriguez's plea agreement, there is no other link between this document and Castillo-Rodriguez and so this document is not enough to show that Castillo-Rodriguez had notice of his possible deportation.[1]

However, the record also reflects that Castillo-Rodriguez acknowledged that he was subject to an order of deportation in December 2012. There appears to be no question that Castillo-Rodriguez signed this acknowledgement under an alias before he entered a plea and before he was sentenced. Moreover, during his plea colloquy, the Court had an extended conversation with Castillo-Rodriguez and his counsel about the possible immigration consequences of his plea. (Doc. 9-2 at 12-16)

Accordingly, Castillo-Rodriguez's claim that he only learned of his possible deportation in October 2014 is unpersuasive. Because he knew of his possible deportation more than a year before he filed his motion, he is not entitled to relief under Section 2255(f)(4). As a result, his Section 2255 motion is untimely.

**IT IS THEREFORE RECOMMENDED** that Juan Jose Castillo-Rodriguez's Amended Motion to Vacate, Set Aside or Correct Sentence be denied. (Doc. 4)

---

[1] File numbers, subject IDs, and event numbers have all been redacted from the exhibits filed in this case. (Doc. 9-1, Exs. D, E, and F)

1    **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have seven days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 19th day of August, 2015.



David K. Duncan
United States Magistrate Judge